**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WALTER ZAREMBA, ) | CASE NO. 1:04CV1647 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| MARVIN LUMBER AND CEDAR ) | |
| COMPANY, ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon the Plaintiff's Motion (ECF DKT #118) for Partial Summary Judgment and Defendant's Motion (ECF DKT #53) to Dismiss, or in the alternative, for Summary Judgment. For the reasons that follow, Plaintiff's motion is denied and Defendant's motion is granted.

**I. FACTUAL BACKGROUND**

In November of 1994, Walter Zaremba ("Zaremba") ordered windows, doors and related products from Marvin Lumber and Cedar Company ("Marvin") for installation into a custom-built residence located on Catawba Island, Ohio, and constructed by Zaremba for seasonal personal use. The cost was approximately Seventy Thousand Dollars ($70,000) and the products were delivered in March of 1995. Zaremba alleges as of 2002, the Marvin products began demonstrating the presence of material rot, deterioration, and decay. Zaremba notified Marvin, through its local distributor, of the defective product; and requested, in

writing, that the contract warranty be honored and that the windows be removed and replaced with identical non-defective Marvin products at Marvin's exclusive cost. Zaremba alleges that Marvin has wrongfully refused to honor its warranty; and that the warranty fails of its essential purpose, since Marvin has expressed a willingness to replace only some of the products and has refused to remove and re-install the products. Zaremba claims breach of express and implied warranties; violation of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq.*); violation of the Ohio Consumer Sales Practices Act (R.C. §§ 1345.01, *et seq.*) ; and seeks the Court's declaration that Marvin's warranty is an unconscionable contract of adhesion.

Plaintiff Zaremba moves for partial summary judgment in his favor, arguing there is no dispute over the applicability of the ten-year warranty provided to him at delivery, and asserting the limitation of remedies provision of the warranty fails of its essential purpose.

Defendant Marvin, for its part, contends that it is entitled to summary judgment because of the statute of limitations, because of applicable contractual exclusions and limitations, because Marvin has fully complied with its obligations, and because the Amended Complaint fails to state a claim upon which relief can be granted.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

#### Motion for Summary Judgment

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *La Pointe v. United Autoworkers Local 600*, 8 F. 3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material fact rests with the moving party. *Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e).

In ruling upon the motion, the Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F. 3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc*., 759 F. 2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc*., 48 F. 3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

**Applicable Warranty**

The first issue confronting this Court is a determination of which Marvin warranty applies to the products supplied to Zaremba. Zaremba insists that, when the windows, doors, and related supplies were delivered in March of 1995, they were accompanied by a ten-year limited warranty ( Amended Complaint, Exhibit "A"). Marvin argues, on the other hand, that windows delivered during that time period were covered by a one-year limited warranty (Exhibit "1" to ECF DKT #120). Plaintiff Zaremba provides the affidavit of Jeff Lisy, the general contractor on Plaintiff's home. Lisy avers when he began to install the custom-made Marvin windows and doors at the site in March of 1995, he "noticed that a ten-year warranty

was affixed to the glass portion of each window." Gary Daniels, Director of Corporate Research at Marvin, also submits his sworn affidavit; and avers Marvin packed and shipped a copy of the applicable limited warranty with the products prior to delivery to the job site. The "warranty which accompanied Marvin products sold in 1994 and shipped prior to July 1, 1995" was the one-year limited warranty.

Consequently, in the face of directly contradictory affidavits, the Court must find a genuine issue of material fact exists as to which warranty governs the instant dispute.

**Validity of Warranty**

Whether the appropriate warranty is the ten-year or the one-year warranty, this Court finds the relevant language is virtually identical:

> For one year, we agree to repair or replace, in the white (unfinished), without charge, any items which may be defective. The company, however, cannot, under any conditions, be responsible for repainting, refinishing, installation or other similar activities necessary to complete the replacement. It will be the owner's responsibility to complete the replacement.

– OR –

> This limited warranty is extended to all end users of Marvin Windows & Doors. Your Marvin product is warranted to be free from defects in manufacturing, materials and workmanship. If such a defect occurs, Marvin will, at its option (1) repair the defective product, (2) replace the defective materials or (3) refund your purchase price. If replacement is elected, Marvin will not be responsible for installation or refinishing of replacement parts.
>
> This limited warranty is valid for ten (10) years from the date your Marvin product was originally purchased and is subject to the further conditions and exclusions set forth below.

Plaintiff Zaremba alleges that Marvin refuses to honor its warranty obligations, by offering to replace only a percentage of the products, and by insisting that Zaremba remove

and re-install the products at his own expense. According to Zaremba, due to the customized nature of the windows and their physical incorporation into the structure of the home, the cost to remove the old windows and doors and install the replacements would approximate One Hundred and Ninety Thousand Dollars ($190,000). To the contrary, Marvin asserts that it remains willing and able to comply with its obligations and to provide replacement products for those items exhibiting signs of water damage, in accordance with its proposed resolution dated June 24, 2004. (Exhibit #3 to ECF DKT #120).

The precise and unambiguous wording of either warranty reflects the exclusive remedy available to a buyer, such as Zaremba, is repair or replacement, with installation at the buyer's expense. Marvin has complied. Marvin argues it cannot be found in breach if Zaremba refuses to accept the warranty remedy.

Zaremba responds with the contention that the Court cannot enforce a contract if it is unconscionable at the time it was made. Because the limitation of remedies clause forces the consumer, Zaremba, to pay "exorbitant" costs to accomplish the manufacturer's repair of its own defective goods, Zaremba loses the benefit of his bargain and the warranty contract is unconscionable and void.

Under Ohio law, the seller may legitimately limit the buyer's remedies to repair or replacement of the defective product, and may, as was the case here, exclude the recovery of consequential damages. R.C. § 1302.29(D) and 1302.93(A)(1); *Chemtrol Adhesives, Inc. v. American Manufacturers Mutual Insurance Co.*, 42 Ohio St. 3d 40, 55 (1989). A warranty limitation or disclaimer will be upheld as long as it is not unconscionable. "A warranty disclaimer that leaves a party with a defective product and no avenue for recourse against the

manufacturer is unconscionable. However, a warranty in which the party disclaiming warranties or remedies assumes some form of responsibility for the performance or maintenance of the product in issue is not unconscionable." *Westfield Insurance Company v. Huls America, Inc*., 128 Ohio App. 3d 270, 293 (10th Dist.1998) (citing *Irving Leasing Corp. v. M & H Tire Co.*, 16 Ohio App. 3d 191, 194-195 (1984)). The purpose of limiting a consumer's remedy to repair or replacement is to grant a seller the opportunity to cure the defect, yet reduce its risks. *Abele v. Bayliner Marine Corp*., 11 F. Supp. 2d 955, 960 (N.D. Ohio 1997). Such clauses are generally upheld unless a seller is unable or unwilling to comply within a reasonable time. *Chemtrol*, 42 Ohio St. 3d at 56.

The Court notes that, although this transaction was for his personal residence, i.e., a summer home, Plaintiff, Walter Zaremba, is a prominent builder in Northeast Ohio and is familiar with the quality and prices of products on the market as well as common terms of purchase agreements. This bears some consideration with regard to Plaintiff's claim of unconscionability. It is well-settled that "findings of unconscionability in a commercial setting are rare." *Chemtrol, supra*, citing White & Summers, *Uniform Commercial Code* [1972] 385-386. Further, "where there is no great disparity of bargaining power between the parties, a contractual provision which excludes liability for consequential damages and limits the buyer's remedy to repair or replacement of the defective product is not unconscionable." *Chemtrol, id.* Although this was not a commercial transaction, truly there was "no great disparity of bargaining power" between Zaremba and Marvin. Limiting the remedy to repair and replacement, excluding consequential damages, and placing the cost of custom installation upon a savvy consumer like Zaremba was neither unconscionable nor void.

**Statute of limitations for breach of warranty claims**

Whether Marvin's conduct constitutes breach, and whether the ten-year or the one-year warranty applies, the steepest hurdle for Plaintiff to clear is the potential bar of the statute of limitations.

According to the codification of the Uniform Commercial Code in Title 13 of the Ohio Revised Code, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." R.C. § 1302.98(A). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. **A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered.**" R.C.§ 1302.98(B). (Emphasis added).

Ohio courts have grappled with this particular issue; and have focused on whether the "repair or replace" language is a warranty or a limitation of available remedies, and whether the statute of limitations is meant to run from the day of delivery or from the day when a defect is found sometime in the future. Zaremba insists that the Marvin repair or replacement warranty explicitly extends to future performance; and thus, triggers the statute of limitations only upon his discovery of the defective windows and doors in 2002.

In 1978, the Sixth Circuit, by Circuit Judge Damon J. Keith, took on this knotty question, and commented that most courts had been "very harsh in determining whether a warranty explicitly extends to future performance." *Standard Alliance Industries, Inc. v. The Black Clawson Company*, 587 F. 2d 813, 820 (6th Cir. 1978). The panel admitted that Ohio

law governed in the diversity action before it; and acknowledged that it must determine what the Ohio courts would do if confronted with this issue. "Unable to find direct case authority," the panel's analysis turned to an examination of the Uniform Commercial Code as codified in R.C. §§ 1302.01, *et seq*. Finding no reason to be "harsh" where an express warranty extends for a specific period of time, the *Standard Alliance* court held that a one-year warranty, for example, "explicitly extended to future performance for a period of one year" and "the cause of action accrued when [the buyer] discovered or should have discovered that the [product] was defective, so long as the defect arose within the warranty period." *Id*. at 821. In footnote 17, the dispute over the import of "repair or replace" language was addressed:

> "We see no conceptual distinction between saying that a product is warranted for one year against defects, the remedy limited to repair or replacement and saying that should a breach be discovered within one year, the seller will repair or replace defective parts. Both are warranties explicitly extending to future performance. We recognize that there may be differences between remedies and warranties, . . . , but we do not believe that these distinctions make a difference here."

Six years later, the Ohio Court of Appeals for the Twelfth District in Brown County addressed the "question of whether the 'repair or replace' language is a warranty or a limitation of available remedies." *Allis-Chalmers Credit Corporation v. Herbolt*, 17 Ohio App. 3d 230, 300 (1984). Moreover, the Brown County Court of Appeals recognized the Sixth Circuit *Standard Alliance* decision which preceded it. *Id*. at 234, 301. Granting due consideration to the appellant's argument that an obligation to "repair or replace defective parts for one year" extends "to the future performance of the product"; construing the applicable statutory language in R.C. § 1302.98; and recognizing that *Standard Alliance* held the same view as the appellant Herbolt, the Ohio appellate court nevertheless disagreed. Noting, as in *Standard Alliance*, that the repair or replace terminology seems to meet the

definition of an express warranty, because it represents a promise, made by the seller to the buyer about the purchased goods, which forms part of the basis of the bargain, the appellate court in *Allis-Chalmers* nonetheless announced its divergent opinion:

> However, all promises are not warranties. An express warranty is a promise which requires that the * * * goods shall conform to the affirmation or promise. Here, the promise required that the seller's conduct conform to the promise, not that the product's performance conform to the promise.
>
> Accordingly, we find that the repair or replace language is not a warranty extending to future performance under R.C. 1302.98, but is a remedy. *Contra Standard Alliance Indus.*, *supra*. Our conclusion conforms not only to our remedy/warranty analysis, but also to the requirements of R.C. 1302.98(B) that a warranty "explicitly" extend to the future performance of the goods before the discovery rule may be applied. (Internal quotations omitted).
>     *Allis-Chalmers*, 17 Ohio App. 3d at 301.

The instant matter is before this Court on the basis of federal diversity jurisdiction – Zaremba is an Ohio resident and Marvin is a Minnesota corporation. In that light, this Court, like *Standard Alliance*, is bound to apply the substantive law of the State of Ohio. The Sixth Circuit, in *Standard Alliance*, searched for guidance in Ohio case precedent – but found none. That panel was required, in 1978, to ascertain what would most likely be the Ohio substantive law regarding repair or replacement warranties, and the application of the four-year statute of limitations for breach of warranty actions pursuant to R.C. § 1302.98. In 1984, the *Allis-Chalmers* decision provided the direct Ohio case authority the Sixth Circuit was lacking a few years earlier. This Court must believe, if the Sixth Circuit had the benefit of an Ohio reported appellate decision, directly on point, it would have ruled differently. Under *Allis-Chalmers*, which recognized, but disagreed with, *Standard Alliance*, repair or replace language is not a warranty extending to future performance (whether for one or ten years). Furthermore, without an "explicit" extension to future performance, the discovery rule does

not operate.

R.C. § 1302.98 requires, then, a breach of warranty action to be brought within four years of tender of delivery.  The Marvin windows and doors were delivered to the Zaremba summer residence in March of 1995.  A timely complaint for breach of warranty would have had to be filed in 1999  ---   four years after the cause of action accrued upon tender of delivery.  R.C. § 1302.98(A) & (B).  The discovery of the defective windows and doors in 2002 does not re-trigger the running of the four-year limitations period and is, consequently, unavailing.  The instant lawsuit was filed on August 17, 2004; and is, therefore, time-barred.

**Magnuson-Moss Warranty Act**

Zaremba has sought relief under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.  The Act does not contain an applicable statute of limitations; rather, the statute of limitations controlling the cause of action or mandated by the forum state must be utilized.  Further, in his opposition brief (ECF DKT #94), Plaintiff Zaremba admits: "It is undisputed that Mr. Zaremba's claims against Defendant under the Magnuson-Moss Warranty Act are governed by the statute of limitations set forth in R.C. § 1302.98."  In accordance with the analysis above, his breach of warranty complaint is barred by the Ohio statute of limitations.  It is equally time-barred under Magnuson-Moss.

**Ohio Consumer Sales Practices Act ("CSPA")**

Plaintiff Zaremba alleges Defendant Marvin's conduct violates the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01, *et seq*., by "failing to honor its warranty" and by "supplying goods that are worth substantially less than what was bargained for." (Amended Complaint at 29).  An action under the Ohio CSPA may not be brought more than two years

after the occurrence of the violation. R.C. § 1345.10(C). Where a plaintiff seeks recovery of damages under the CSPA, the limitations period is absolute, and the discovery rule does not apply. *Lloyd v. Buick Youngstown GMC*, 115 Ohio App. 3d 803, 808 (1996). Similar to the previous two claims, the complaint asserted against Marvin for violation of the Ohio CSPA is time-barred.

**Declaratory Judgment**

Plaintiff Zaremba asks this Court to declare Marvin's warranty and limitation of remedies unconscionable and void. As this Court has held, *infra*, the terms of the limited warranty did not leave Zaremba without any recourse against the seller. Further, Ohio law will uphold limitations of remedies and exclusions to minimize the seller's exposure, as long as the seller acts in compliance with the contract to cure any defects within a reasonable time. Marvin offered, in June of 2004, to replace the defective windows and doors its representative identified. Zaremba did not accept the proffered remedy because he believed more of the product was damaged than designated by Marvin, and because he calculated the cost of installation borne by him to be prohibitive. This lawsuit followed.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . .any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. However, the declaratory judgment statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Green v. Mansour*, 474 U.S. 64 at 72 (1985).

In this federal circuit, declaratory judgments are favored when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when (2) it

-11-

will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. *Grand Trunk W. R. R. Co. v. Consolidated Rail Corp.*, 746 F. 2d 323, 325-326 (6th Cir. 1984). Consequently, if neither of these factors is satisfied, then the court will decline to grant the declaratory relief.

Because Zaremba has alleged claims cognizable under Ohio statutes and case law, which afford him complete relief, the extraordinary award of a declaratory judgment will not be useful in clarifying nor settling the legal relations between him and Marvin. Moreover, since this Court, in this diversity action, is bound to interpret and apply Ohio law in the construction and validity of the warranty agreement, declaratory relief is not necessary to eliminate any uncertainty, insecurity or controversy facing the parties to this cause of action. Plaintiff's Complaint does not present a situation where speedy relief is necessary to preserve the rights of the parties. *Richter v. State Medical Board of Ohio*, 831 N.E. 2d 502, 504 (Ohio App. 2005). Thus, in the absence of any factor necessitating declaratory relief, this Court, in its discretion, declines to entertain Plaintiff's request in Count Three of his Amended Complaint.

### III. CONCLUSION

Upon consideration of the facts, applicable law, and arguments of the parties, and for the reasons set forth above, Plaintiff's Motion for Partial Summary Judgment is denied and Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment is granted.

**IT IS SO ORDERED**.

**DATE: October 13, 2006**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
